IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GOODE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 23-CV-2506 |
| THOMAS M. ZALESKI, *et al.*,<br>    Defendants. | :<br>:<br>: |

<u>MEMORANDUM</u>

**SLOMSKY, J.**                                                                                                         **JULY 17, 2023**

In a prior action, *Goode v. Werner*, Civ. A. No. 23-2109 ("*Goode I*"), Ronald Goode, a pretrial detainee currently housed at FDC Philadelphia ("FDCP"), sought money damages for civil rights claims based on his arrest and prosecution. Goode has now filed a second civil rights action naming some of the same Defendants in which he seeks as relief that related pending federal criminal charges in *United States v. Goode*, Crim. No. 22-44-1 (E.D. Pa.) be dismissed and a declaration that the doctrine of "dual sovereignty" is illegal. Goode also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Goode leave to proceed *in forma pauperis* and dismiss the case.

**I.    BACKGROUND AND FACTUAL ALLEGATIONS**

In *Goode I*, Goode sought money damages against the defendants he named in that case alleging that state court criminal charges were improperly *nolle prossed*, resulting in his being falsely imprisoned and maliciously prosecuted for a "made up case" by federal agents when the charges were adopted by the United States. In a decision screening Goode's Complaint in that case pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed certain Defendants with prejudice, dismissed certain claims without prejudice, and stayed all remaining claims pending

the outcome of the federal criminal case.[1]  *See Goode v. Werner*, No. 23- 2109, 2023 WL 4273768 (E.D. Pa. June 29, 2023).

In his new Complaint, Goode names as Defendants Assistant United States Attorney Thomas M. Zaleski, federal agent William J. Knecht, United States Magistrate Judge Elizabeth T. Hey, Pennsylvania Governor Josh Shapiro, United States Magistrate Judge Richard A. Lloret, the United States Supreme Court, and the Pennsylvania General Assembly, as well as the following individuals he also named as Defendants in *Goode I*:  AFT Special Agent Shiva Raja, DA Krasner, Judge Scott, and FDCP Warden A. Cruz.[2]  Similar to his allegations in *Goode I*, Goode alleges that, at a hearing in Common Pleas Court presided over by Judge Scott, the "ATF" intervened and detained him illegally on a defective federal criminal complaint.  (Compl. (ECF No. 2) at 8.)[3]  He was then brought before Magistrate Judge Hey, who allegedly allowed the "ATF agent and AUSA" to abuse the legal process in a grand jury proceeding.  (*Id*.)  After he was in federal custody for eight days, Goode appeared before Magistrate Judge Lloret who

---

[1] Goode's claims against Judge Kai Scott were dismissed with prejudice on the ground of judicial immunity.  At the time Judge Scott was a judge of the Philadelphia Court of Common Pleas and allegedly presided over the proceedings that led to the dismissal of the state court charges when the charges were adopted by the United States.  Civil rights claims asserted against Goode's criminal defense attorneys pursuant to 42 U.S.C. § 1983 were dismissed because those defendants were not "state actors" as that term is used in § 1983.  Claims against Philadelphia District Attorney Larry Krasner were dismissed on the ground of prosecutorial immunity.  Defendants against whom Goode raised no substantive allegations and Goode's official capacity claims against the remaining defendants were dismissed without prejudice.  Because the Court determined that the case had to be stayed as to the remaining, undismissed claims since the related criminal charges were pending, no immediate leave was granted to file an amended complaint.  *Goode*, 2023 WL 4273768, at *3-6.

[2] Zaleski, Knecht, Raja, Magistrate Judge Hey, Governor Shapiro, and DA Krasner are named in their official capacities.  (Compl. at 2-5.)  Goode did not indicate the capacities in which he named the remaining defendants.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

allegedly abused his discretion and kept Goode detained at FDCP when the federal criminal charges were "buil[t] off lies," the case was insufficient, and the narcotics officers involved in his case were under investigation for corruption. (*Id*.)

Goode alleges that AUSA Zaleski used manipulation and colluded with non-defendant Brian Werner, the lead agent on the case, when they interviewed Goode to discuss his possible cooperation.[4] (*Id*. at 9.) ATF Agent Raja allegedly perjured himself in testimony to a grand jury so that Goode would receive a harsh sentence on federal charges. (*Id*. at 10.) Goode denies he was involved in the transactions that led to the criminal charges and asserts that there is no physical evidence of his involvement, even though he lived at the house where drugs and a weapon were allegedly recovered. (*Id*.) He contends that Judge Scott conspired with DA Krasner's office and the United States Attorney's Office and signed off on placing him in federal custody. (*Id*.) Governor Shapiro, at the time the Pennsylvania Attorney General, and the Philadelphia DA's Office allegedly released Goode to federal custody because the Pennsylvania General Assembly believes that local officials are soft on crime and Shapiro wanted to be Governor. (*Id*.) Magistrate Judge Hey allegedly oversaw the grand jury proceeding that allowed Goode to be indicted on Agent Raja's misleading testimony. (*Id*. at 11.) Magistrate Judge Lloret allegedly acted with prejudice by keeping Goode in pretrial custody even though his defense attorney Rania Major[5] explained that the evidence was insufficient, the agents were under investigation, and Goode was allowed to be on home confinement while the charges were pending in the state system. (*Id*.)

---

[4] Although not named here, Werner is a named Defendant in *Goode I*.

[5] Attorney Major was also named a Defendant in *Goode I*.

Goode has contacted the General Assembly, the Supreme Court, and Warden Cruz, but they have ignored him. (*Id*.) He asserts that the Supreme Court abuses its power "by passing Dual-sovereignty-doctrine, which is a vague rule turn to law." (*Id*. at 12.) He alleges that his own criminal charges do not involve interstate commerce or the Coast Guard to give the federal system jurisdiction. (*Id*.) Goode seeks the dismissal of the charges, release from custody, and a declaration that the dual sovereignty doctrine is void law. (*Id*. at 9.)

As noted in *Goode I*, public records show that Goode is awaiting trial before this Court on criminal charges of possession and possession with intent to distribute fentanyl and crack cocaine, and firearms charges. *See United States v. Goode*, Crim. No. 22-44 (E.D. Pa.). The federal criminal complaint was supported by the affidavit of Defendant ATF Agent Shiva Raja. *Id*. (ECF No. 1.) The docket reflects that Goode is being held as a pretrial detainee at FDCP. A bail hearing is currently scheduled for August 7, 2023 and the case is currently scheduled for trial on September 25, 2023.[6]

## II.    STANDARD OF REVIEW

The Court grants Goode leave to proceed *in forma pauperis*.[7] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[6] Goode also filed a *habeas corpus* petition in this Court pursuant to 28 U.S.C. § 2241. *See Goode v. Cruz*, Civ. A. No. 23-2104 (E.D. Pa.). The petition was dismissed by Order filed on June 12, 2023, because he sought to raise claims that he was required to present in his criminal case. (*See id.* at ECF No. 5.)

[7] Because Goode is a prisoner, under the Prison Litigation Reform Act he must still pay the $350 filing fee for this case in installments. This is in addition to the filing fee he must pay in installments for filing *Goode I*.

(2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Goode is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013))).

**III.   DISCUSSION**

Goode asserts claims for civil rights violations against both state and federal officials. The vehicle by which civil rights claim may be brought in federal court against state actors is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The basis for asserting a constitutional claim against a federal official is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) (holding that a remedy is available for a federal agent's violation of a citizen's Fourth Amendment right to be free from warrantless searches and seizures); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (stating that the "purpose of *Bivens* is to deter individual federal officers from committing constitutional violations" by subjecting them to personal liability). "[V]icarious liability is inapplicable to *Bivens* and § 1983 suits," therefore, "a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.).

Goode seeks as relief that he be released from custody and the charges against him be dismissed. He also seeks a declaration that the dual sovereignty doctrine is void law. Claims seeking dismissal of federal criminal charges are not cognizable in a civil rights action because a federal detainee's request for dismissal of the indictment against him must be pursued in his federal criminal case. *See Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018) ("[I]nsofar as Reese sought to challenge the charges against him or the conduct of law-enforcement officers during arrest or interrogation, he was required to do so through pretrial motions in his criminal case . . . ."); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (stating a federal civil rights action, whether under *Bivens* or a petition for a writ of *habeas corpus*, is not the appropriate vehicle to seek dismissal of pending federal criminal charges); *Datts v. McCormick*, No. 410-220, 2011 WL 1326818, at *1 (S.D. Ga. Mar. 7, 2011), *report and recommendation adopted,* No. 410-220, 2011 WL 1279175 (S.D. Ga. Apr. 5, 2011) (civil rights claims were not cognizable where plaintiff "want[ed] the federal indictment dismissed, which would result in freedom from confinement on the federal gun charge"). Because Goode may argue his legal proposition that the dual sovereignty doctrine is void, and that the actions of the Defendants violated his constitutional rights in proceedings in his criminal case, he may not do so by filing civil rights claims under § 1983 or *Bivens*. Moreover, the claims fail because the named Defendants cannot afford Goode the injunctive relief he seeks for his claims, namely his

6

release from custody and a declaration that the dual sovereignty doctrine is void law. That relief may only be granted by the Judge assigned to preside over Goode's criminal case.

For these reasons, the Court will dismiss this case without prejudice to Goode reasserting his arguments in the course of his pending criminal proceedings. No leave to amend in this case is granted because amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order will be entered separately.[8]

                                  **BY THE COURT:**

                                  /s/Joel H. Slomsky, J.
                                  **JOEL H. SLOMSKY, J.**

---

[8] Given this disposition, Goode's motion to appoint counsel will be denied as moot.