IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GOODE,           : | |
|     Plaintiff,          : | |
|                                   : | |
| v.                              : | CIVIL ACTION NO. 23-CV-2506 |
|                                   : | |
| THOMAS M. ZALESKI, *et al.*, : | |
|     Defendants.       : | |

**MEMORANDUM**

**SLOMSKY, J.**                                                                                           **AUGUST  8, 2023**

In a prior Memorandum and Order filed on July 17, 2023 (ECF No. 6, 7), the Court dismissed with prejudice the claims for injunctive relief filed by Ronald Goode.  Goode has now filed a motion for reconsideration.  For the following reasons, the motion is denied.

A motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend a judgment, which must be filed no later than 28 days after the entry of judgment, should be granted only where the moving party shows that at least one of the following grounds is present:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) ).  Goode's motion is timely, but is meritless.

In this case Goode sought injunctive relief that pending federal criminal charges filed against him in *United States v. Goode*, Crim. No. 22-44-1 (E.D. Pa.) be dismissed and a declaration that the doctrine of "dual sovereignty" is illegal.  The Court informed Goode that any

request to dismiss his pending criminal charges must be made in his criminal case because that relief is not available in a civil rights action. (ECF No. 6 at 6 (citing *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018)).) The Court also held that, as Goode could assert his legal proposition that the dual sovereignty doctrine is unconstitutional in his criminal case, he could not do so by filing civil rights claims under § 1983 or *Bivens*. Finally, the Court held that Goode's claims failed because the named Defendants could not afford him the injunctive relief he sought for his claims, namely his release from custody and a declaration that the dual sovereignty doctrine is void law. That relief may only be granted by the Judge assigned to preside over Goode's criminal case. (*Id*. at 6-7.)

In his motion, Goode merely reasserts the allegations of his Complaint that the named Defendants acted improperly in bringing federal charges against him. He identifies no intervening change in the controlling law, new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice. It remains that the relief he sought in this civil case, the dismissal of his criminal charges and a declaration that the dual sovereignty doctrine is void, must be raised in his criminal case. Accordingly an appropriate Order will be entered separately denying the motion.

**BY THE COURT:**

**/s/Joel H. Slomsky, J.**
--------------------------------
**JOEL H. SLOMSKY, J.**